## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEW MEXICO

**ANDREA VARGAS, JUAN VARGAS,**
**personally, and as father of JV, a minor,**
**and ADAM VARGAS, DANNY VARGAS,**
**CODY OLACHEA, and KAYSHA SAIZ,**

                    **Plaintiffs,**

**vs.**                                                      **No. CIV 11-0082**
                                                   **JURY IS REQUESTED**

**OFFICER MIKE BRISENO, OFFICER DAVID**
**GRIEGO, SERGEANT ROBERT PEREZ, OFFICER**
**ERIC HAANES, OFFICER JOHN GARCIA,**
**and OFFICER DAVID ROCK, police officers employed by**
**the City of Farmington, New Mexico, Police Department, all named**
**individually as to the events of July 7, 2008, and individually**
**and in their official capacities as to the events of September**
**3, 2009, and, LIEUTENANT NEIL HAWS, SERGEANT MATT**
**WILCOX, and OFFICER CARLOS LOOMIS, sheriff's officers**
**employed by the San Juan County Sheriff's Office, all named**
**individually as to the events of July 7, 2008, and individually**
**and in their official capacities as to the events of September**
**3, 2009, and OFFICER ROCKY VELARDE, a police officer employed**
**By the New Mexico State Police individually as to the events of**
**July 7, 2008, and individually and in his official capacity as to**
**the events of September 3, 2009, and OTHER UNKNOWN POLICE**
**OFFICERS, employees of law enforcement entities of the State of**
**New Mexico or its political subdivisions, individually as to the**
**events of July 7, 2008, and individually and in their official capacities**
**as to the events of September 3, 2009,**

                    **Defendants.**

## COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983) THROUGH UNLAWFUL SEARCHES AND EXCESSIVE USE OF POLICE FORCE

THE PLAINTIFFS, by and through their attorney, Dennis W. Montoya, and complaining

of Defendants, **STATE:**

This action is brought by the Plaintiff under 42 U.S.C. § 1983 and pendant state claims

for violation of the Plaintiffs' rights under the Constitution of the United States, Amendments 4, 5, 8 and 14, and under federal law, when police officers employed by the State of New Mexico and its political subdivisions, acting under color of state law, entered a private residence occupied by the Plaintiffs and assaulted and battered the Plaintiffs, unlawfully searched the premises, destroyed property, and wrongfully arrested and detained the Plaintiffs, took property belonging to the Plaintiffs, and subjected them to fear and humiliation.

<div align="center">

**JURISDICTION, VENUE AND PARTIES**

</div>

1.      All events material to this action occurred in the City of Farmington, San Juan County, New Mexico, within the jurisdiction of this Court.

2.      The Plaintiffs at all times material herein were residents of the City of Farmington, San Juan County, New Mexico.

3.      Plaintiff JV was at all relevant times herein a minor child of Plaintiff Juan Vargas and was two (2) years old at the time of the events mentioned herein, and is represented by his father, Plaintiff Juan Vargas.

4.      The residence mentioned herein was the home of the Plaintiffs, or was lawfully occupied by the Plaintiffs, and was located at 603 Taos Avenue in Farmington, New Mexico 87401.

5.      Defendant Officers Mike Briseno, David Griego, Erik Haanes, John Garcia, Robert Perez, and David Rock were at all times material herein police officers employed by the City of Farmington Police Department ("FPD") and are named in their individual capacities as to the events of July 7, 2008, and in both their individual and official capacities in the events of September 3, 2009, if the defendant was involved.

6. Defendants Lieutenant Neil Haws, Sergeant Matt Wilcox, and Officer Carlos Loomis, were at all times material herein Sheriff's officers employed by the San Juan County Sheriff's Office ("SJSO"), and are named in their individual capacities as to the events of July 7, 2008, and in both their individual and official capacities in the events of September 3, 2009, if the defendant was involved.

7. Defendant Officer Rocky Velarde was at all times material herein a police officer employed by the New Mexico State Police ("NMSP"), and is named in his individual capacity as to the events of July 7, 2008, and in both his individual and official capacities in the events of September 3, 2009, if the defendant was involved.

8. Defendants Other Unknown Police Officers, are law enforcement officers who assisted in the events of July 7, 2008, as described below, and are named herein individually.

9. All Defendants herein were operating as law enforcement officers and under color of state law.

## FACTS MATERIAL TO ALL COUNTS

The Plaintiffs re-allege the allegations and statements in the previous paragraphs herein and further state:

10. The Plaintiffs' allegations include two incidents occurring in 2008 and 2009, in which their residence was searched in an unlawful manner and they were detained.

### Unlawful Search and Destruction of Property on July 7, 2008

11. On or about July 7, 2008, at about 7:00 p.m., Defendant Officer Mike Briseno appeared in a police car at the residence of Plaintiff Andrea Vargas and got out of his car and began to shout the name of Mrs. Vargas' son, Danny Vargas.

12.     Present at the residence at this time were Plaintiffs Andrea Vargas, Juan Vargas, his minor child JV, and a visitor who is not named in this action.

13.     The residents of the household who were present told Defendant Briseno that Danny Vargas was not at home.

14.     Defendant Briseno told the Plaintiffs who were present that he had an arrest warrant for Plaintiff Danny Vargas.

15.      Defendant Briseno and Defendants Perez, Wilcox and Other Unknown Officers, who arrived with the Defendant, entered the Plaintiffs' home and proceeded to search the interior of the residence.

16.     Plaintiff Andrea Vargas asked Defendant Briseno if he had a search warrant and the Defendant refused to show a search warrant for the premises and removed the Plaintiffs from the home.

17.     The search of the residence was without a warrant or other lawful reason, and exceeded the Defendants' authority to make a lawful arrest.

18.     The Defendants were heavily armed with pistols and shotguns and threatened and coerced the Plaintiffs, forcing them outside to stand in the heat while they searched the home.

19.     The Plaintiffs, including the two (2) year old child, JV, were required to stand outside of the home under observation of the Defendant officers while the residence was thoroughly searched.

20.     The residence was ransacked by the Defendants, who opened drawers and vents, and overturned mattresses.

21.     During the unlawful search the Defendants destroyed sheetrock walls, making a

large hole in the interior wall of the house and ripped ducts apart, leaving the property damaged and in disarray.

22.     The Defendant officers took a narcotics-sniffing dog into the residence and used the dog to search for contraband.

23.     Upon information and belief no search warrant was obtained by the Defendants before the entry and search of the home was commenced.

24.     Defendants Perez and Briseno appeared to be in charge of the search and participated in the search and gave orders to other officers during the unlawful search.

25.     The search of the residence included places where it was impossible for Plaintiff Danny Vargas to conceal himself, and any arrest warrant for Danny Vargas was used as a pretext for a warrantless search of the home.

26.     The Plaintiffs repeatedly asked Defendants Briseno and Perez if they had a search warrant and were told at various times that the officers did not need a warrant or that they were "working on [getting] a warrant."

27.     The Plaintiffs were detained for over an hour while the unlawful search was performed by the Defendants.

28.     Plaintiff Danny Vargas was not found to be present in the home.

29.     The acts of the defendant law enforcement officers acting as individuals under color of state law as described herein were in violation of the Constitution of the United States, Amendments Four, Five and Fourteen, and are actionable under 42 U.S.C. § 1983.

30.     The acts of the Defendants in searching the residence without a search warrant, and harassing and intimidating the Plaintiffs and coercing them to leave their home, and in

destroying their property when Danny Vargas was not found to be in the residence, was malicious and intentional.

31.     As a direct result of the violations of the Plaintiffs' rights, the Plaintiffs were in fear of their life and serious injury from the armed Defendants and suffered humiliation and emotional distress, and destruction of their property.

### Unlawful Search of September 3, 2009

32.     On September 3, 2009, the Plaintiffs' residence was again raided by police officers, including Defendants Griego, Haanes, Loomis, Garcia, Velarde, Rock, Wilcox, and Haws.

33.     The raid was conducted by the above-mentioned State, City and County officers pursuant to a search warrant that authorized a search of the address near the Plaintiff's residence, but did not authorize a search of the Plaintiffs' home at 603 Taos Ave.

34.     Present in the home at the time were Plaintiffs Andrea Vargas, Adam Vargas, Juan Vargas, JV, Danny Vargas, Cody Olachea, and Kaysha Saiz.

35.     The raid occurred at 2:30 a.m., when police officers kicked in the door of the residence, threw in an explosive device which caused a loud noise and blinding flash, and entered the residence, pointing firearms at the occupants.

36.     The raid on the Plaintiffs' home was intentionally and maliciously done in a manner so as to cause the Plaintiffs fear, mental distress and intimidation and to terrify and harm them.

37.     JV was terrified and crying and Defendant John Garcia pointed an assault rifle at the two (2) year old in his bed, placing the child's life in danger and frightening his parent and

relatives.

38.     The Plaintiffs, except for JV, were handcuffed and held in the living room under armed guard while the Defendants ransacked the home

39.     The Defendants used a tazer on the Plaintiffs' dogs, who were restrained by chains in the back yard and posed no threat to the Defendants during the search.

40.     The person of Plaintiff Kaysha Saiz was thoroughly searched by a male Defendant, and when she had to urinate, she was forced to do so while the bathroom door was kept open, and while the male Defendants salaciously observed her.

41.     The Plaintiffs were detained with handcuffs for four (4) hours while the residence was searched.

42.     Plaintiff Adam Vargas protested the invasion and the manner in which the Plaintiffs were being treated and asked for the names and business cards of the officers.

43.     The Defendants refused to identify themselves and threatened Plaintiff Adam Vargas, and separated him from the other Plaintiffs by taking him to a police car where he began to fear for his safety.

44.     The Defendants searched vehicles belonging to the Plaintiffs that were on the property, although the parameters of the search warrant did not include a search of vehicles.

45.     The Defendants took personal property from the Plaintiffs that had no evidentiary value and was not covered by the warrant, and have failed to return the property.

46.     Other personal property belonging to Plaintiff Andrea Vargas was stolen by the Defendant police officers during the search.

47.     The search of the premises and the arrest and detention of the Plaintiffs was

without a valid warrant or probable cause.

48.     The defendants knew or should have known that the Plaintiff's residence was not the property named in the search warrant, and intentionally and with malice invaded the residence of the Plaintiffs and threatened and assaulted them and caused them to be in fear of harm.

49.     The acts of the defendant law enforcement officers acting as individuals under color of state law as described herein were in violation of the Constitution of the United States, Amendments Four, Five and Fourteen, and are actionable under 42 U.S.C. § 1983.

50.     As a direct result of the unlawful search of the residence and the unlawful arrest and detention of the Plaintiffs, the Plaintiffs were deprived of rights and privileges guaranteed by the Constitution of the United States and federal law, including the right to be free of unreasonable search and seizure, the right of due process of law, and liberty and property rights.

51.     As a direct result of the unlawful search of the residence, and the unlawful arrest and detention of the Plaintiffs, the Plaintiffs suffered humiliation and emotional distress, and destruction and taking of their property.

## COUNT I:  DEPRIVATION OF RIGHTS (JULY 7, 2008)

The Plaintiffs re-allege the allegations and statements in the previous paragraphs herein and further state:

52.     The unlawful search of the Plaintiff's residence without a valid search warrant, and the seizure of property and arrest and detention of the Plaintiffs' by the Defendants without warrant or probable cause on July 7, 2008, as described above, was in deprivation of the Plaintiffs' civil rights under color of state law and the Plaintiffs are entitled to damages from the Defendants for

the wrongs so committed.

53.     The Defendants entered the Plaintiffs' property and conducted a search of the premises without a valid search warrant, and caused destruction of and disarray to the Plaintiffs' property as mentioned herein, and the Plaintiffs are entitled to damages for repair of their property.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

a.      Trial by jury as to all counts herein that are so triable;

b.      Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted under 42 U.S.C. § 1983, including damages for unlawful search, violation of due process, excessive use of force, wrongful arrest and detention and loss of liberty;

c.      Damages for property loss caused by the destruction of the Plaintiffs' home and possessions by the Defendants in violation of the rights of the Plaintiffs;

d.      Damages for armed assault on the Plaintiffs, causing them fear, humiliation and emotional harm.

e.      Punitive damages for the intentional, malicious and outrageous acts of the Defendants in unlawfully invading the Plaintiff's home resulting in deprivation of their rights

f.      For reasonable attorney fees, prejudgment interest and costs of this action;

g.      For such further relief as the Court may deem just and equitable.

## COUNT II:  DEPRIVATION OF RIGHTS (SEPTEMBER 3, 2009)

The Plaintiffs re-allege the allegations and statements in the previous paragraphs herein and further state:

54.     The unlawful search of the Plaintiff's residence without a valid warrant, and the seizure

of property and arrest and detention of the Plaintiffs' by the Defendants without warrant or probable cause on September 3, 2009, as described above, was in deprivation of the Plaintiffs' civil rights under color of state law and the Plaintiffs are entitled to damages from the Defendants for the wrongs so committed.

55.     The unlawful entry and armed assault on and arrest and detention of the Plaintiffs, without a warrant or probable cause by the Defendant officers, placed the Plaintiffs in fear of life and great bodily harm and caused humiliation and emotional distress, and the Plaintiffs are entitled to damages.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

a.      Trial by jury as to all counts herein that are so triable;

b.      Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted under 42 U.S.C. § 1983, including damages for unlawful search, violation of due process, excessive use of force, wrongful arrest and detention and loss of liberty;

c.      Damages for humiliation and emotional distress caused by the assault by the Defendants, and the wrongful arrest and detention of the Plaintiffs;

d.      Damages for property loss caused by the destruction of the Plaintiffs' home and the taking and theft of their possessions by the Defendants;

e.      Punitive damages for the intentional, malicious and outrageous acts of the Defendants in unlawfully invading the Plaintiff's home resulting in deprivation of their rights, humiliation and emotional distress.

f.      For reasonable attorney fees, prejudgment interest and costs of this action;

g.       For such further relief as the Court may deem just and equitable.

## COUNT III
## ASSAULT, FALSE IMPRISONMENT,
## THEFT AND DESTRUCTION OF PROPERTY

The Plaintiffs re-allege the allegations and statements in the previous paragraphs herein and further state:

56.      As mentioned herein, the Plaintiffs were assaulted and threatened by the Defendants on July 7, 2008, during the course of an unlawful search of the Plaintiffs' home when the Defendants knowingly, intentionally and maliciously exceeded the constraints of an alleged arrest warrant for Danny Vargas, and; on September 3, 2009, when the Defendants knowingly, intentionally and maliciously entered and searched the Plaintiffs' residence where they knew that the search warrant was for another residence.

57.      On July 7, 2008, the armed Defendants entered the Plaintiffs' residence on the pretext of executing an alleged arrest warrant and detained, threatened and assaulted the Plaintiffs, and ransacked the home, destroying walls and ductwork, and causing property damage.

58.      On September 3, 2009, the Defendants entered the residence during the night without knocking or announcing in violation of state law, and maliciously and recklessly used "flashbang" grenades and pointed weapons at the Plaintiffs, causing them to fear for their lives and safety and the life and safety of Plaintiff JV, a two (2) year-old child.

59.      The Plaintiffs, including the child, were herded at gunpoint into the living room and the adults were kept in handcuffs for four (4) hours while the Defendants searched and ransacked the home without a warrant for the premises.

60.      The Defendants took property from the Defendants that they have not returned and stole

items from the residence.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

a.    Trial by jury as to all counts herein that are so triable;

b.    Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted under 42 U.S.C. § 1983, including damages for unlawful search, violation of due process, excessive use of force, wrongful arrest and detention and loss of liberty;

Damages for humiliation and emotional distress caused by the assault by the Defendants, and the wrongful arrest and detention of the Plaintiffs;

c.    Damages for property loss caused by the destruction of the Plaintiffs' home and the taking and theft of their possessions by the Defendants;

d.    Punitive damages for the intentional, malicious and outrageous acts of the Defendants in unlawfully invading the Plaintiff's home resulting in deprivation of their rights, humiliation and emotional distress.

e.    For reasonable attorney fees, prejudgment interest and costs of this action;

f.    For such further relief as the Court may deem just and equitable.

<div style="margin-left:40%">

Respectfully Submitted,
**MONTOYA LAW, INC.**

BY:

_____
Dennis W. Montoya, Esq.
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM 87174-0235
(505) 246-8499
(505) 246-8599 (Facsimile)
dmontoya@montoyalaw.com

</div>